Kelly Jean **RITT**, Petitioner,

v.

Lynn **DINGLE**, Mike Hatch, Respondents.

No. 00–2023 ADM/RLE.

United States District Court, D. Minnesota.

June 8, 2001.

Lawrence Hammerling, Deputy State Public Defender, Minneapolis, MN, for and on behalf of the Petitioner.

Lawrence F. Clark, Assistant Dakota County Attorney, Hastings, MN, for and on behalf of Respondents.

### MEMORANDUM OPINION AND ORDER

MONTGOMERY, District Judge.

### I. INTRODUCTION

On August 25, 2000, Kelly Jean Ritt ("Petitioner") filed a Petition for Writ of Habeas Corpus [Doc. No. 1] pursuant to 28 U.S.C. § 2254. This matter is now before the Court on Petitioner's Objections [Doc. No. 11] to the Report and Recommendation ("R & R") of Magistrate Judge Raymond L. Erickson [Doc. No. 10]. In the R & R, Judge Erickson recommends that the Respondents' Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. No. 8] be granted. For the reasons set forth below, the R & R is adopted and the Petition for Writ of Habeas Corpus is dismissed with prejudice.

### II. BACKGROUND

Petitioner currently is serving a life sentence of imprisonment after being convicted in Minnesota state court of two Counts of Murder in the First Degree, two Counts of Murder in the Second Degree, Murder in the Third Degree, and Arson in the First Degree. Petitioner's convictions stem from a fire at her residence on March 25, 1997, which resulted in the death of her child, Hannah Jean Ritt. Following her conviction, Petitioner appealed to the Minnesota Supreme Court on grounds similar to those raised here. The Minnesota Supreme Court affirmed Petitioner's convictions, holding that (1) the trial court did not err in admitting Petitioner's statement to Detective Rgnonti because it was voluntary, and (2) the trial court acted within its discretion when it excluded defense's expert witness from testifying on interrogation practices. *State v. Ritt*, 599 N.W.2d 802, 813 (Minn.1999). Following the denial of her state court appeal, Petitioner filed a Petition for Writ of Habeas Corpus with this Court, arguing (1) the trial court violated the Fifth Amendment of the U.S. Constitution by entering her confession into evidence because it was involuntary, and (2) her constitutional rights were violated when the trial court refused to allow a defense expert to testify on the coercive nature of her interrogation. Further background information is set forth in the R & R and is incorporated by reference for the purposes of Petitioner's present objections.

### III. DISCUSSION

A district court must make an independent, de novo evaluation of those portions of an R & R to which objection is made and may accept, reject, or modify, in whole

or in part, the findings or recommendations made by the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.1(c)(2). A district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that [she] is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a).

■ The Fifth Amendment of the U.S. Constitution requires that a confession must be voluntary in order to be used against an accused. *See Dickerson v. United States,* 530 U.S. 428, 120 S.Ct. 2326, 2330, 147 L.Ed.2d 405 (2000). For a confession to be voluntary, a court must examine " 'whether a defendant's will was overborne' by the circumstances surrounding the giving of a confession." *Id.* at 2331 (citing *Schneckloth v. Bustamonte,* 412 U.S. 218, 226, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). The Minnesota Supreme Court concluded that Petitioner's statement to Detective Rgnonti was voluntary. *See Ritt,* 599 N.W.2d at 813. The findings of a state court generally are presumed to be correct unless "clear and convincing evidence" is presented to the contrary, 28 U.S.C. § 2254(e)(1), such that adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" on the voluntariness of her confession. 28 U.S.C. § 2254(d); *see Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 1518, 146 L.Ed.2d 389 (2000) (noting that one must satisfy the conditions set forth in section 2254 to obtain federal habeas relief).

■ Petitioner has failed to prove with "clear and convincing evidence" that the decision of the Minnesota Supreme Court was unreasonable. 28 U.S.C. § 2254(e)(1). The Minnesota Supreme Court examined the context of Petitioner's statement to Detective Rgnonti and expressly found that Petitioner's will was not overborne by the circumstances surrounding the detective's interrogation techniques. *See Ritt,* 599 N.W.2d. at 810. As the R & R describes at length, there is ample supporting evidence that this is a reasonable conclusion. For instance, Petitioner was aware that she was not under arrest before speaking with the detective, she did not break down during her statement, and she disagreed with Detective Rgnonti on many points. *See id.* Although Detective Rgnonti did suggest at one point in the interrogation that Petitioner's children might be "under investigation" if she did not confess, given the totality of the circumstances this does not necessarily make the interrogation improperly coercive. *See Dickerson,* 120 S.Ct. at 2331. The children, as persons present at the time of the fire, would necessarily be considered as possibly responsible for its ignition.

Petitioner relies on *Lynumn v. Illinois,* 372 U.S. 528, 83 S.Ct. 917, 9 L.Ed.2d 922 (1963) and *United States v. Tingle,* 658 F.2d 1332, 1335–36 (9th Cir.1981) to illustrate that threatening statements may cause involuntary confessions, but the circumstances that led to these confessions were very different. In *Lynumn,* the defendant's confession was involuntary as a result of a coercive atmosphere that included being circled by three police officers, in addition to threats that the defendant's financial aid might be cut off if she did not cooperate. 372 U.S. at 531, 83 S.Ct. 917. In *Tingle,* the defendant's confession was deemed involuntary because of various factors such as threats that she might not see her child for a while and that her lack of cooperation would be communicated to the prosecutors. 658 F.2d at 1335–36. Regardless of whether or not Detective Rgnonti's statements may be

classified as "threats", Petitioner has failed to demonstrate that the Minnesota Supreme Court was unreasonable in its judgment that her will was not overborne.

■ Furthermore, the trial court did not make an "unreasonable determination" in excluding the expert testimony of Dr. Ralph Underwager concerning Detective Rgnonti's interrogation technique. 28 U.S.C. § 2254(d). As the R & R explains in detail, it is within the discretion of the trial court to exclude expert testimony if it is not helpful to the jury. *See Giles v. Miners, Inc.*, 242 F.3d 810, 812 (8th Cir. 2001); *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 296 (8th Cir.1996). Petitioner contends the trial court's decision to exclude the testimony is unreasonable in light of *Crane v. Kentucky*, 476 U.S. 683, 692, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986). In *Crane*, the Supreme Court reversed a state court's exclusion of testimony on the circumstances of a confession.[1] The Minnesota Supreme Court addressed this issue, concluding that the circumstances in this case are "far different" from the circumstances in *Crane*. *Ritt*, 599 N.W.2d at 812. In *Crane*, the exclusion of evidence precluded the defendant from presenting any evidence regarding the circumstances surrounding the taking of his statement. 476 U.S. at 692, 106 S.Ct. 2142. Here, in contrast, Petitioner was allowed to present the jury a videotape of her interrogation by Detective Rgnonti, which showed the circumstances of her confession. Petitioner's reliance on *Crane* for the admissibility of the proffered expert testimony is misplaced as *Crane* does not discuss expert testimony in a similar factual context. *See Morgan v. Krenke*, 72 F.Supp.2d 980, 1003 (E.D.Wis.1999) (noting that *Crane* is a highly fact-specific ruling). Given the

more direct evidence of the videotape, the trial court decision to exclude expert testimony on the interrogation technique was reasonable.

## IV.   CONCLUSION

Based upon the foregoing, the R & R, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

(1) The R & R [Doc. No. 10] is **ADOPTED** in its entirety.

(2) The Motion to Dismiss the Petition for Writ of Habeas Corpus [Doc. No. 8] is **GRANTED.**

(3) The Petition for Writ of Habeas Corpus [Doc. No. 1] is **DENIED.**

(4) The Petition is **DISMISSED WITH PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

1. The Constitutional ground on which this holding rests is "rooted directly in the Due Process Clause of the Fourteenth Amendment,

... or in the Compulsory Process or Confrontation clauses of the Sixth Amendment ..." 476 U.S. at 690, 106 S.Ct. 2142.